CASE No. 1031.

EASON v. MILLER & KELLY.

Defendants purchased at a foreclosure sale a foundry, in which were certain patterns which the mortgagor claimed, and brought action to recover, alleging and proving their value to be $5000. Defendants claimed that they were embraced in the mortgage and in the foreclosure sale. The trial judge charged the jury that defendants were the purchasers of only such "patterns" as were on the premises at the date of the mortgage. The verdict was: "We find for plaintiff patterns the value of $100."

Plaintiff entered up judgment and issued execution for the patterns which were on the premises on the day of sale, or $100 damages. *Held*, that the judgment should be vacated as not being in conformity with the verdict McIVER, A. J., *dissenting*.

Before THOMSON, J., Charleston, July, 1880.

The case is stated in the opinion, to which should be added the decision of the Circuit judge, which, after a statement of the facts, was as follows :

It is to be observed that it does not appear that any objection was made to the complaint, on the ground that the description of the articles sued for was indefinite, or that any motion was made requiring amendment in this particular.

It has been held, in an action of replevin, to be certain enough to declare for fourteen *skimmers and ladles*, without saying how many there were of each. *Bourne* v. *Mattaire*, 2 *Strange* 1015, and in the note to this case, referring to other cases, it is said the principle is this, " that the pleading had supplied the defect, because the avowant having avowed the taking, had thereby taken upon himself the *knowledge* of what the goods were."

Late cases have been decided upon the same principle. In a declaration in replevin, an insufficient description of the goods taken, or of the *locus in quo*, is cured by the defendants *avowing* or *making cognizance ;* and it makes no difference that the plaintiff has demurred to the avowry or cognizance. *Banks* v. *Angell et al.*, 34 *E. C. L.* 241.

The reason for a definite description is given in the following case, in which it was declared " that in replevin it is extremely material the declaration should inform the sheriff what goods were taken. That a count for taking, *quandam parcellam lintei et quandam parcellam papyri*, was good, inasmuch as it guided the party as to the nature of the goods taken." *Pope* v. *Tillman*, 2 *E. C. L.* 243.

No damages were given under the instructions of the judge, but patterns described by the plaintiff and admitted by the defendants, were found for plaintiff the value of $100. This is not

a verdict for patterns and $100, but a verdict stating the articles and their value.

In this case it was not necessary, as in *Bardin* v. *Drafts*, 10 *S. C.* 497, that an alternative should be stated, from which to imply a value. Here the verdict contains, though in condensed language, an answer to all the issues made; right in the plaintiff to recover the patterns and their value. It is not to be taken as admitted from the above, that the description of the patterns in the complaint, and the findings of the verdict, are regarded as defective and insufficient. Cases have been quoted in the argument, which support the verdict as sufficient. 10 *Mass.* 66 ; 1 *Dall.* 485 ; 7 *Wall.* 570.

The verdict, which is but an answer to the issues made, certainly need not be more certain than the description in the pleadings, and in construing a verdict, the court will keep in mind the issues in the pleadings. 3 *Wait's Pr.* 197.

The case of the City Council against Weekman presents this principle; the opinion of the court states the connection between the issues and the verdict. 2 *Spears* 375.

The conclusion of the court is, that the verdict in connection with the pleadings, gives the answer required from the jury, in cases of claim and delivery of personal property.

There is no doubt but in the present case the court had the right to direct the jury to find a special verdict. But was the verdict special in fact, or special according to the code ? Though called special, it is the common verdict in cases of claim and delivery, when the property is claimed by a defendant.

The instruction of the judge who tried the case, was that, if they, the jury, found for the plaintiff, they should find for the return of certain patterns, assess the value thereof at so much money. The judge then explains what he means in the next sentence, " that gives," he says, " the defendants the right to return the patterns, and pay nothing but costs, or if they think it will be best to keep, they will do so, and pay for them at your assessment."

The verdict answered to this charge, and no exception thereto was taken by any party. When a special verdict is found, the jury submit a statement of facts to the court, formally or sub-

stantially, as follows: " Upon these facts, the jury respectfully leave the 'judgment to the court,' and in a verdict subject to the opinion of the court, the jury state the facts found, subject to the opinion of the court, at a —— term, upon the questions of law.' " 3 *Comm'rs Code* 179.

Nothing of this kind appears in the case, or was required by the charge of the judge. The verdict is special only. in the sense that it is peculiar to the actions of detinue replevin, or claim and delivery. In these actions it is required that the verdict for plaintiff should state the property found and its value, instead of a simple finding for plaintiff or defendant, as is the case generally in other actions. The practice for such mode of finding in replevin is old. In detinue, says Tidd, the language of the judgment being in the alternative, that the plaintiff " do recover the goods or the value of them, it is incumbent on the jury to find their value." 2 *Tidd's Pr.* 887 ; *Impey's Pr.* 765.

But where a special finding is required by the judge, it may be waived. The rendering of a general verdict by the jury, and its reception by the court, without objection, either by the judge or the parties, is good, notwithstanding the failure of the jury to find upon certain special questions of fact, upon which the court, in the course of its charge, directed them to find. 3 *Wait's Pr.* 190 ; *Moss* v. *Priest*, 19 *Abb.* 314.

The conclusion of the court is that the verdict was general as given in actions of claim and delivery, and that the clerk of the court was not in error in entering and docketing in this case, the judgment according to the verdict.

The statement of the defendants in their answer, lead to the conclusion that the commingling of property was their act, if, in fact, there was commingling. They state the patterns were a part of the property which came into their possession with other goods, and which they kept. In their answer there is no objection that they could not distinguish between the plaintiff's patterns and their own. If the commingling of goods were the act of the plaintiff, it might be a defence to a recovery, unless the plaintiff identified his goods, but such a fact could have little weight in vacating a judgment.

The motion to set aside the judgment and entry thereof, made by the clerk, and quash the execution, is dismissed.

Defendants appealed.

*Mr. J. P. K. Bryan* for appellants.

*Mr. S. Lord, Jr.,* contra.

April 25th, 1881.  The opinion of the court was delivered by SIMPSON, C. J.  The plaintiff, James M. Eason, brought this action (claim and delivery of personal property), and alleged—

1. That he was " owner of —— patterns, of the value of $5000, which goods were, on May 11th, 1879, stored on the premises known as Eason's foundry, Columbus street, Charleston, S. C."

2. That on April 24th, 1879, the defendants, Miller & Kelly, purchased the premises, and on May 11th, 1879, entered into possession of the same, and took possession of said patterns.

3. He alleges unlawful detention, &c.

And prays judgment for recovery of the said patterns, or $5000, their value, in case a delivery cannot be had.

The defendants, Miller & Kelly, answering—

1. Deny ownership of plaintiff.

2. Admit, as alleged, that they purchased premises, and took possession of the patterns mentioned in complaint, and have refused to deliver them.

3. They deny unlawful detention.

They further allege, as new matter, the source of their title : that the patterns mentioned in complaint are their property, through purchase at foreclosure sale, on April 24th, 1879, of Eason's foundry, together " *with all the working implements, machinery and tools connected therewith now thereon,*" the mortgage bearing date April 2d, 1866.  And they allege that the patterns mentioned in complaint were a part of the tools and working implements on the premises on the day of sale, April 24th, 1879, and they hold the same through such sale by virtue of the deed of the master.

The case was tried February Term, 1880, Judge Pressley presiding.  After evidence was heard and argument, the judge charged the jury in brief, that it was his duty to construe the mortgage.  That in law, he held, a pattern was a " *tool or work-*

*ing instrument ;"* and that the mortgage did cover the patterns used in the foundry when the mortgage was given. And the defendants, Miller & Kelly, bought under the foreclosure sale *all the patterns under the mortgage,* and those patterns are their property. Further, the court held, as matter of law, that the patterns put on premises *after date of mortgage* are Mr. Eason's (plaintiff) property.

After deciding these issues of law raised in the pleadings, the judge submitted to the jury the issue for them, as follows:

" The question, therefore, is, *how much* of the property of this plaintiff, which was not mortgaged, is now in possession of Miller & Kelly. Mr. Kelly says that he values those patterns at $5000. Mr. Lambley (plaintiff's witness) says he values them at $5000. *What portion* of that $5000 applies *to the patterns which Mr. Eason has a right to claim?* He has no right to claim any which were there prior to the making of the mortgage. What portion of that $5000 belongs to Mr. Eason? The testimony is conflicting. Mr. Lambley (plaintiff's witness) says *the greater proportion* of the patterns and the *greater proportion in value* were there at the time of the execution of the mortgage. Mr. Eason (plaintiff) differs from him and says that the *greater portion* were put there afterwards. You must decide for yourselves which of these witnesses you will follow. Your verdict must be a special one, as follows: If you find for the plaintiff you will say: ' We find that the plaintiff is entitled to the return of such of the patterns claimed as were not on the premises at the date of the mortgage, and we assess the value thereof at so much money.' That gives the defendants the right to return those patterns and pay nothing but the costs or, if they think it will be best to keep them, they will do so, and pay for them at your assessment. In making your assessment you will settle the matter according to the testimony. You will have to reconcile the testimony of Mr. Eason and Mr. Lambley."

The jury rendered the following verdict:

" We find for plaintiff patterns the value of one hundred dollars.

                    " W. PRESTON DOWLING, *Foreman.*"

There was no objection to verdict by court or counsel. No action was taken by either party until the court adjourned, when the plaintiff entered up judgment for " the possession of the personal property described in the complaint, to wit, the *patterns which were on the premises on the north side of Columbus street in the city of Charleston, and known as Eason's foundry, on the 11th day of May,* 1879, or one hundred dollars in case a delivery cannot be had." An execution was issued for the delivery of possession to James M. Eason of " the patterns which were on the premises, &c., on the 11th day of May, 1879, or one hundred dollars in case a delivery cannot be had."

The defendants thereupon moved, before Judge Thomson, to set aside judgment and quash execution on the grounds—

1. That the judgment was not entered in conformity with the verdict.

2. That the judgment was entered up and execution issued by the clerk without authority of law.

Judge Thomson dismissed the motion, on the grounds stated in his decision.

The defendants appeal to this court on the grounds that his Honor, the Circuit judge, erred—

1. In deciding that the judgment herein was entered in conformity with the verdict.

2. In deciding that the clerk had authority of law to enter up the said judgment on said verdict.

3. In dismissing the motion to set aside judgment and quash execution.

The appeal of the defendants raises, substantially, but one question, and that is: Was the judgment entered by the clerk in conformity with the verdict? If so, then the clerk had authority of law to enter it, (*Lynch's Code,* § 288,) and the judge would have erred had he set it aside and quashed the execution. If not, then the judge was in error in refusing appellant's motion.

The word " conformity " means agreement—congruity with something else—and, as applied to cases of this kind, its use was intended to convey the idea that the judgment should carry out the intent of the verdict. In fact, no other judgment but one

in conformity with the true intent of the verdict would be legal.

The conclusion to be reached, then, in this case, involves the examination of three questions :

*First.* What does the judgment mean ? *Second.* What does the verdict mean? and, *Third.* Is there conformity between the two ? If so, then this appeal must be dismissed, otherwise the order of the judge must be reversed.

The meaning and intent of the judgment seems to be very clear. Its language is plain and unambiguous. It declares that the plaintiff shall recover the possession of the personal property described in the complaint, to wit, the patterns which were on the premises on the north side of Columbus street, in the city of Charleston, known as Eason's foundry, on May 11th, 1879.

There is no division of the patterns into classes, or numbers, or portions, or as to the different times when these patterns reached the premises, but the whole is embraced—the patterns, which were on the premises on May 11th, 1879. This covers all that were there. There can be no doubt about this; and if the verdict was as unambiguous as the judgment, the case would be free from difficulty.

Now, did the jury intend by their verdict to give to the plaintiff all of these patterns, which, according to the undisputed testimony, were worth, in the aggregate, $5000? The verdict is very concise and compact in its terms; it is very short, and is in these words : " We find for the plaintiff patterns the value of one hundred dollars."

Now, when we find by the complaint that the plaintiff instituted his action to recover patterns of the value of $5000, and that the testimony offered on the trial proved that the patterns on the premises at the time mentioned, viz., May 11th, 1879, were worth that sum, and yet the verdict limits the recovery of the plaintiff to patterns of the value of $100, it would be difficult to believe that the jury intended by their verdict that plaintiff should recover all of the patterns on the premises, as is expressed in the judgment. The very fact that the jury fixed the value of the portion which they intended the plaintiff to recover at $100, shows, conclusively, as an independent fact, that they did not

intend that plaintiff was entitled to the whole, which, according to admitted proof, was worth $5000.

But can this intent of the jury be reached by a legal construction of the verdict, or will such a construction lead to a conclusion contrary to this manifest purpose of the jury, and give to the plaintiff the entire patterns, in violation of the justice of the case, the evident intent of the jury and the charge of the judge?

A verdict is the finding of the facts of a case by the jury. It may be either general or special. In either case it is the response of the jury to the issues of fact submitted to them by the court. To ascertain, then, the intent and meaning of a verdict, we must look back to the issues submitted.

Generally, the issues of fact involved in a case will be found contained in the allegations of the plaintiff in his complaint, and the denials or other statements of the defence as stated in the answer, and where there is nothing more in the complaint and answer but questions of fact, then an examination of these pleadings will present the true issues submitted to the jury, and to which their verdict will be understood to be responsive. But the pleadings, in addition to questions of fact, may also raise questions of law. In such case the questions of law do not go to the jury, but must be decided by the court before the case is submitted to the jury. In other words, in such case it would be the duty of the judge to eliminate from the pleadings the questions of law, and to submit to the jury only the questions of fact. And in such case the charge of the judge (subject, of course, to appeal,) and not the complaint and answer, would contain the real issues of fact, by which the verdict, should any doubt arise as to its true intent and meaning, ought to be construed.

Now, in this case, the plaintiff instituted suit for the recovery of patterns of the value of $5000, stored on the premises in question on May 11th, 1879. The answer of defendants admitted that they took possession of the premises on the day mentioned, and, also, of the patterns then on the place; but they claimed that these patterns were embraced in a mortgage under which they had bought these premises, and that therefore the title was in them.

This answer raised two questions, one of fact and one of law.

The question of fact was that all of the patterns on the premises at the time mentioned were embraced in the mortgage, and the question of law was, that, being so embraced, they, as purchasers under said mortgage, were the legal owners.

The Circuit judge decided at once the legal question, and held, no doubt correctly, that such portion of the patterns as were on the premises at the date of the execution of the mortgage belonged to the defendants, and such portion as was placed there after the execution of the mortgage belonged to the plaintiff. And he submitted to the jury, as the true issue for them to pass upon, what portion of the patterns described in the complaint had been placed there after the execution of the mortgage.

The plaintiff, in his complaint, had claimed all of the patterns in the place at the time mentioned. The charge of the judge, however, as he had the right to do, in deciding the legal question raised, limited the claim to only a portion, and the amount of this portion was the real issue to the jury. How, then, can the verdict be construed to embrace all, when it was admitted that a portion had been withdrawn by the charge of the judge, and only the remainder was involved ; and when the jury was instructed by the judge in his charge that it was as to this remainder only, and its value, that they were to inquire?

We do not think that the jury intended by their verdict to declare title in the plaintiff to all the patterns, and inasmuch as the judgment covers all, that the judgment is not in conformity with the verdict and should be vacated, and the execution issued thereunder quashed.

The order below is reversed and the appeal sustained.

McGOWAN, A. J., concurred.

McIVER, A. J., dissenting. Being unable to concur in the conclusion reached by a majority of the court, I propose to state briefly my views of the questions presented by this appeal.

The action was brought to recover possession of certain personal property, and in case a delivery could not be had, then for the value thereof. The complaint, in the first paragraph, alleged that the plaintiff " was and still is the owner of —— patterns of

the value of five thousand dollars, which goods were then stored on the premises   *   *   *   known as Eason's foundry." In the second paragraph the allegation is, that the defendants, on April 24th, 1879, purchased the premises where the said patterns were stored, and on May 11th, 1879, entered into possession of the same and took possession of said patterns, and although demand has been made upon the defendants to deliver said patterns to the plaintiff they have refused so to do, but, on the contrary, still unjustly detain them, to the damage of the plaintiff $5000. These allegations are followed by a demand for judgment, "for the recovery of said patterns, or for the sum of five thousand dollars, the value thereof, in case a delivery cannot be had." The answer sets up two defences: *First.* A denial of the allegations in the first paragraph of the complaint, with an admission of all the allegations in the second paragraph, except the allegation that the defendants "unjustly detain the said patterns from the said plaintiff, to his damage five thousand dollars." For a *second* defence the defendants set up a claim to "the patterns mentioned in the complaint," derived from a sale under a mortgage given by plaintiff to one Hannah Euston. The issues thus presented by the pleadings came on for trial before the Hon. B. C. Pressley and a jury, when the following verdict was rendered : "We find for plaintiff patterns the value of one hundred dollars." Upon this verdict judgment was entered "that the plaintiff recover of the defendants the possession of the personal property described in the complaint, to wit, the patterns which were on the premises *   *   *   known as Eason's foundry, on the 11th day of May, 1879, or one hundred dollars in case a delivery of the said property cannot be had," and an execution issued conforming to the judgment. On the day after the entry of the judgment the defendants, by their counsel, gave notice that they would move before his Honor Judge Thomson to set aside the judgment and quash the execution on the following grounds, to wit:

"1. Because the judgment was entered not in conformity to the verdict in said cause.

"2. Because the judgment was entered up by the clerk of said court without authority of law.

"3. Because the execution on said judgment was issued without authority of law."

Judge Thomson dismissed the motion, and from his decision this appeal now comes up.

The code (§ 288) provides: "If a different direction be not given by the court the clerk must enter judgment in conformity with the verdict;" and as it appears that no directions were given by the court in this case, I agree with the majority of the court that the real question in this case is, whether the judgment entered is "in conformity with the verdict." It will not be denied that it is generally, if not universally, true that the same amplitude and exactness of phraseology is not to be found in a verdict as in the judgment entered upon it. The fact, therefore, that in this case the judgment gives a more detailed and specific description of the property referred to than is found in the verdict can have but little weight in determining the question. The real inquiry is, does the verdict, *properly construed*, relate to the same property more particularly described in the judgment? It seems to me that a verdict must be regarded as responsive to the issues presented by the pleadings, and that to determine its scope and effect, it is oftentimes, if not always, necessary—certainly permissible—to resort to the pleadings. The object of all pleadings is to shape and define the issues which arise between parties litigant, and when these issues present questions of fact, it is the province of the jury, by their verdict, to decide them. Hence, to ascertain exactly what a verdict does mean, there can be no better resort than to the pleadings. Testing this verdict in this way, it seems to me clear that the only construction which can be given to it is that found in the judgment. What were the issues presented by the pleadings in this case? *First.* Whether the plaintiff's allegation of ownership of the property described in the complaint was true; for that allegation was distinctly made in the complaint and expressly denied in the answer. *Second.* What was the value of said property; for the plaintiff alleged, in the first paragraph of the complaint, that the value of the property was $5000, and this was denied in the answer. These, so far as I can see, were the only issues presented by the pleadings, for there was no issue raised by the defendants as to their taking and retaining possession of the patterns. On the contrary, that was expressly admitted and

justified under a claim of right. The second defence set up in the answer did not, in fact, present any new issue, but only gave the real ground upon which the denial of plaintiff's title rested. It is true that the allegation of the complaint is indefinite as to the number of the patterns sued for, but there was no issue raised between the parties as to the *number* of the patterns—the only dispute being as to the title or ownership of the articles sued for. These being the issues presented by the pleadings, to wit, whether the property sued for belonged to the plaintiff or to the defendants, and what was its value, how ought the verdict to be construed? It certainly has not found the property in question, or any part of it, to be the property of the defendants, and, with equal certainty, it may be said that the verdict does find certain property to be the property of the plaintiff. But what property? Undoubtedly that about which the parties were litigating—that which is claimed in the complaint by the plaintiff and in the answer by the defendants. It will be observed that, while the plaintiff in his complaint claims —— patterns on the premises referred to, without giving the number which he claims, the defendants likewise set up in their answer a claim to all the patterns on the premises, without giving the number which they claimed, upon the ground that they were all covered by the mortgage under which they bought. There is nothing, therefore, in the pleadings which would suggest to the jury that they were to discriminate, in their verdict, between some of the patterns and others.

It is argued, however, that for the purpose of determining the proper construction of this verdict, it is necessary to consider the charge of Judge Pressley, in which he stated to the jury what were the issues which they were called upon to try; and that this will show that no such construction can be placed upon the verdict in this case as will support the judgment entered by the plaintiff. Conceding, for the sake of argument, that the proper construction of the verdict may be thus tested, I do not see how this test can advance the view contended for by the appellants. As I have stated before, there can be no doubt but that, by their pleading, and, doubtless, in their argument, both parties claimed the right to all of the patterns on the premises—the plaintiff

contending that "patterns" were not embraced within the terms "working implements, machinery and tools," used in the mortgage, while the defendants contended that they were. This is obvious from the language used by Judge Pressley in the commencement of his charge: "It is my duty to construe this mortgage under the evidence offered before me, and I do not hesitate to say, *from the evidence I have heard and the learned arguments of counsel*, that my conclusion is very clear that a pattern used in connection with a foundry establishment is either a working instrument or a tool connected therewith." He therefore instructed the jury that the mortgage did cover the patterns used in connection with the foundry at the time the mortgage was given; but, inasmuch as the mortgage, by its express terms, only covered such articles as were on the premises at the time it was executed, only those patterns which were on the premises at the date of the mortgage passed under the sale for foreclosure to the defendants, while those which had been placed there since were the property of the plaintiff; and after telling the jury that it was for them to decide, from the evidence adduced, what portion of the patterns belonged to the plaintiff and what to the defendants, the judge gave them very clear and explicit directions as to the form of their verdict. It is quite manifest that the jury either disregarded or misunderstood the charge of the judge, for the uncontradicted evidence being that a portion of the patterns were on the premises at the date of the mortgage, while another portion had been placed there subsequently to that date, the jury were bound, under their instructions, to have found only a portion of the patterns as belonging to the plaintiff, designating what portion they so found; but their verdict is generally for the plaintiff, and contains no word indicating an intention to find only a portion of the patterns as belonging to the plaintiff. It is possible that they may have come to the conclusion that the question whether patterns were included within the terms used in the mortgage was a question of fact rather than of law, and, if so, that it was a question for them, not for the court; and they may have concluded from the evidence that the terms used in the mortgage did not embrace patterns. Be that as it may, however, it is quite certain that the jury either ignored or mis-

understood the instructions of the judge, and, if so, the remedy was by a motion for a new trial, and not by the motion submitted in this case.

The appellants do not contend that the verdict was too uncertain and indefinite to authorize the entry of *any* judgment, because, if so, their remedy would have been by motion in arrest of judgment, but their contention is that the only judgment which can be entered on this verdict is a judgment for the amount found to be the value of the property in question. But in the case of Robbins *v.* Slatterly, MS. decision, filed April 15th, 1879, this court has held that in a case of this kind the verdict and the judgment must be in the alternative, and that a judgment for the value of the property only must be set aside. This rule seems to be recognized in *Bardin* v. *Drafts*, 10 *S. C.* 493, and is understood to be in accordance with the decisions in New York. *Dwight* v. *Enos*, 9 *N. Y.* 472; *Fitzhugh* v. *Wiman*, 9 *N. Y.* 563. In the case of *Boley* v. *Griswold*, 20 *Wall.* 486, a somewhat different view is taken, but that case is not sufficient to overrule our own decisions, supported, as they are, by the cases in New York, as well as the true intent and meaning of the code; for a judgment which, in effect, deprives a party of the right to return the property in dispute, and forces him to pay such value as the jury may see fit to put upon it, is not in accordance with what is conceived to be either the spirit or letter of the code. If, therefore, a judgment for the value only could not be entered upon the verdict in this case, then it follows either that the verdict is too indefinite and uncertain to authorize the entry of *any* judgment, and, if so, a motion in arrest of judgment and not the motion submitted in this case would be the proper remedy, or that the verdict does authorize the entry of a judgment for the property claimed in the complaint, or in case a delivery of it cannot be had for the value as assessed by the jury, and either of these views would be fatal to this appeal.

It is quite true that the verdict in this case is informal and technically insufficient, but as is said in *Bardin* v. *Drafts, supra:* "Every reasonable presumption must be in favor of the verdict, and that would render it necessary to construe it as conformable to the requirements of the law where such construction is possi-

ble ;" and in Boley v. Griswold, Chief Justice Waite says : " In a court of error every presumption is in favor of the validity of the judgment brought under consideration." Looking at the verdict and judgment in this case in that spirit, I can come to no other conclusion than that the verdict must be regarded as finding the issue presented by the pleadings in favor of the plaintiff, and, as such, it authorized the entry of the judgment which is here sought to be set aside.

Again, it is argued that the description of the property in the complaint is insufficient. But it seems to me that the cases of *Kimpton* v. *Nelson*, referred to in 8 *Bac. Ab., tit. " Replevin," H ;* *Bourn* v. *Mattaire*, 2 *Strange* 1015 ; *Banks* v. *Angell*, 34 *E. C. L.* 241, with the other authorities cited in respondent's brief, abundantly show that after avowry such description is sufficient. The defendants here admit that they took and retained possession of the property mentioned in the complaint, and it is now too late to raise the objection that the property is not definitely described. If the defendants regarded the averments of the complaint as too indefinite and imperfect, they should have made a motion before the trial to require the plaintiff to amend by making his averment more definite and complete. *Childers* v. *Verner*, 12 *S. C.* 5, 6. Not having done so, but, on the contrary, having answered admitting the taking and retention of the property sued for, they cannot now be permitted to say that the description of the property sued for is too indefinite to warrant the entry of a judgment for its recovery.

I think, therefore, that the order of the Circuit judge dismissing the motion to set aside the judgment and quash the execution should be affirmed.

Appeal sustained.